**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-2427, 23-2428
_____

CAREDX, INC.,
Appellant/Cross-Appellee in 23-2427

v.

NATERA, INC.,
Appellee/Cross-Appellant in 23-2428
_____

On Appeal from the United States District Court
for the District of Delaware
(No. 1-19-cv-00662)
U.S. District Judge:  Hon. Colm F. Connolly
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2024
_____

Before:  SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.

(Filed:  October 8, 2024)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Natera, Inc. appeals the District Court's (1) order granting in part and denying in part its motion for judgment as a matter of law or a new trial, and (2) final judgment entered in favor of CareDx, Inc.  For the following reasons, we will remand for the District Court to consider whether judgment of no liability is warranted as a matter of law on the claims that it did not explicitly rule upon.

I

CareDx and Natera make and sell competing diagnostic tests for kidney transplant patients.  CareDx sued Natera for false advertising,[1] claiming that ten specific advertisements in Natera's marketing campaign were literally false under the Lanham Act.  The case proceeded to trial.  The jury was instructed that, to find an advertisement literally false, it "must decide, first, whether the claim conveys an unambiguous message, and[] second, whether that unambiguous message is false."  JA 642.  The jury found that nine of the ten challenged advertising claims were literally false and that CareDx proved that Natera violated both the Lanham Act and Delaware Deceptive Trade Practices Act and engaged in unfair competition.

Natera moved for judgment as a matter of law, or, in the alternative, a new trial or remittitur, arguing, among other things, that the evidence did not permit a rational jury to find that the nine advertisements were literally false.  Although the District Court

---

[1] CareDx asserted violations of the Lanham Act, 15 U.S.C. § 1125(a), the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532, and Delaware common law prohibiting unfair competition.

concluded that "a rational juror could find that [Claim A] was unambiguous and literally false[,]" it did not discuss literal falsity as to the other advertisements (Claims B, C, D, E, F, G, H, J). CareDx, Inc. v. Natera, Inc., No. 19-cv-662, 2023 WL 4561059, at *5 (D. Del. July 17, 2023). Nevertheless, the Court denied Natera's motion for judgment as a matter of law with respect to liability under the Lanham Act and later entered a stipulated injunction banning all nine advertisements.[2] See id.

Natera appeals, arguing that the District Court erred in denying judgment as a matter of law, or a new trial, because, among other things, it analyzed only one of the nine advertisements.

## II[3]

### A[4]

To prevail in a false advertising action under the Lanham Act, a plaintiff must prove "that the advertisement is either (1) literally false[,] or (2) literally true or ambiguous, but has the tendency to deceive consumers." Groupe SEB USA, Inc. v.

---

[2] Natera stipulated to the injunction without prejudice to its right to challenge the verdict.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 28 U.S.C. § 1367(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

[4] We exercise plenary review of an order granting or denying a Rule 50(b) motion for judgment as a matter of law. Curley v. Klem, 499 F.3d 199, 205 (3d Cir. 2007) (citation omitted). Judgment as a matter of law should be entered "sparingly," and "only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Marra v. Phila. Hous. Auth., 497 F.3d 286, 300 (3d Cir. 2007), as amended (Aug. 28, 2007) (internal quotation marks and citations omitted). "[W]e review the grant or denial of a motion for a new trial for abuse of discretion." Leonard v. Stemtech Int'l Inc., 834 F.3d 376, 386 (3d Cir. 2016) (citation omitted).

Euro-Pro Operating LLC, 774 F.3d 192, 198 (3d Cir. 2014) (internal quotation marks and

citation omitted).  In analyzing whether an advertisement is literally false, "a court must

decide [(1)] whether the claim conveys an unambiguous message[,] and [(2)] whether

that unambiguous message is false."  Id. (citation omitted).  "A literally false message

may be either explicit or conveyed by necessary implication when, considering the

advertisement in its entirety, the audience would recognize the claim as readily as if it

had been explicitly stated."  Novartis Consumer Health, Inc. v. Johnson & Johnson-

Merck Consumer Pharms. Co., 290 F.3d 578, 586-87 (3d Cir. 2002) (internal quotation

marks and citation omitted).[5]

The jury reached a verdict as to each individual advertising claim, but in denying

Natera's post-trial motions, the District Court examined only whether the evidence

supported a finding of literal falsity as to one of the nine advertising claims and did not

---

[5] See also Castrol Inc. v. Pennzoil Co., 987 F.2d 939, 952, 958 n.13 (3d Cir. 1993)
(Roth, J., dissenting) (agreeing with the majority's implicit recognition that different
burdens of proof apply to a challenge to an establishment advertising claim and noting
that "[i]n establishment cases, a defendant need only show that the plaintiff has not
proven that the defendant's test is not sufficiently reliable to permit one to conclude with
reasonable certainty that they established the proposition for which they [are] cited"
(internal quotation marks and citations omitted)); Castrol, Inc. v. Quaker State Corp., 977
F.2d 57, 63 (2d Cir. 1992) (If the challenged advertisement "explicitly or implicitly
represents that tests or studies prove its product superior," the plaintiff satisfies its burden
in proving literal falsity "by showing that the tests did not establish the proposition for
which were cited," because (1) they either "were not sufficiently reliable to permit a
conclusion that the product is superior," or (2) "even if reliable, do not establish the
proposition asserted by the defendant."); JA 643 (where the District Court instructed the
jury that an advertisement that refers to studies or data establishing a claim "is literally
false if (1) the studies or data were not sufficiently reliable to permit a conclusion that the
claim is true; or (2) even though the studies or data are reliable, they do not establish the
claim asserted").

discuss the eight other advertisements.  See CareDx, Inc., 2023 WL 4561059, at *5.

Although we exercise plenary review, it is important to have the trial court be the first to

fully adjudicate post-verdict motions "because [a] determination of whether a new trial

should be granted or a judgment entered under Rule 50(b) calls for the judgment in the

first instance of the judge who saw and heard the witnesses and has the feel of the case

which no appellate printed transcript can impart."  Unitherm Food Sys., Inc. v. Swift-

Eckrich, Inc., 546 U.S. 394, 401 (2006) (internal quotation marks and citations omitted). [6]

Because the District Court did not explain why it denied the motion as to literal falsity for

eight of the nine advertising claims, we remand for it to address whether judgment as a

matter of law of no liability is warranted as to each of those advertisements (Claims B, C,

D, E, F, G, H, J).

III

For the foregoing reasons, we will remand for the District Court to consider

---

[6] See also Unitherm Food Sys., Inc., 546 U.S. at 401 n.3 (acknowledging case law that "reiterate[s] the value of the district court's input" on post-verdict motions by "cautioning the courts of appeals to be 'constantly alert' to 'the trial judge's first-hand knowledge of witnesses, testimony, and issues'" (quoting Weisgram v. Marley Co., 528 U.S. 440, 443 (2000)); W. S. Dickey Clay Mfg. Co. v. Corder, 310 F.2d 764, 775 (5th Cir. 1962) (vacating and remanding the judgment overruling the defendant's motion for a new trial in part, where the district court overruled the motion without discussing the claimed errors raised by the defendant because "[s]ubstantial justice would be more nearly accomplished . . . if the district court treated each of the claimed errors on its merits" (internal citations omitted)); cf. Caprio v. Bell Atl. Sickness & Accident Plan, 374 F.3d 217, 220 (3d Cir. 2004) (vacating and remanding the district court's summary judgment order because while "our standard of review is plenary, . . . and thus we could determine this matter on the merits without remanding, . . . we are satisfied that the uncertainties surrounding the court's order in this complex matter . . . require that, in the first instance, the district court explain the reasons for its decision").

whether there was sufficient evidence for the jury to conclude that the other eight advertisements were literally false.[7]

---

[7] We express no opinion on this subject or any other issues.